1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT
6                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8    KEVIN R. SCHRUBB, I,              )    No. C 09-2197 JSW (PR)
                                       )
9               Plaintiff,             )
                                       )    **ORDER OF DISMISSAL WITH**
10     v.                              )    **LEAVE TO AMEND**
                                       )
11   JAMES TILTON, et al,              )
                                       )    (Docket No. 7)
12              Defendants.            )
                                       )
13   _____  )
14
15          Plaintiff, a prisoner of the State of California, currently incarcerated at Kern
16   Valley State Prison in Delano, California, has filed a civil rights complaint alleging
17   violations of his rights while incarcerated at Pelican Bay State Prison.  Plaintiff has filed
18   a motion to proceed *in forma pauperis,* which the Clerk is directed to file as docket
19   number 7.  That motion is now GRANTED in a separate order filed simultaneously
20   (docket no. 7).  In this order, the Court reviews Plaintiff's complaint pursuant to 28
21   U.S.C. § 1915A and dismisses the complaint with leave to amend within thirty days.
22                              **DISCUSSION**
23          Plaintiff has filed a complaint alleging deliberate indifference to his safety after a
24   cell transfer which resulted in his being assaulted and later moved to administrative
25   segregation to protect him, resulting in the deprivation of property. However, throughout
26   the complaint, Plaintiff repeatedly alleges that "Defendants" are liable for violations of
27   his rights, without identifying how the actions of any of the named Defendants
28   (including 4 named Defendants and 10 "John Doe" Defendants) resulted in a

constitutional violation.  Plaintiff has failed to sufficiently identify how any individual named Defendant has violated his rights. Therefore, the complaint is dismissed with leave to amend as set forth below.

I       Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two  elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).

II      Legal Claims

Plaintiff repeatedly complains about the actions of "Defendants" that has resulted in the deprivation of his rights.  However, Plaintiff does not identify how any specific individual violated his rights.  Therefore, the complaint will be DISMISSED.  However, Plaintiff will be provided with leave to amend the complaint to correct this deficiency.

A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).  District courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints.  *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir.

2

2000) (en banc).

Plaintiff's complaint fails to provide a short, plain and separate statement regarding the mistreatment he suffered, how it violated his constitutional rights, and the specific conduct of each individual Defendant that he asserts is responsible for a constitutional violation.  Plaintiff must specifically identify what any named Defendant did or did not do in order to state a claim against them.

In his amended complaint, Plaintiff must establish legal liability of each person named as a Defendant for the claimed violation of his rights.  Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *See Leer*, 844 F.2d at 633; *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability).  Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights.  *Leer*, 844 F.2d at 634.

With regard to the supervisory employee named, Plaintiff should be mindful that a supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed

to act to prevent them." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989).

Further, "John Doe" defendant liability must also be properly alleged. Plaintiff included 10 "John Doe" Defendants in his complaint, but he does not identify specifically what each "Doe" Defendant did. A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different specific person. Plaintiff must identify how each such named Defendant is liable for a constitutional violation.

Although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the initial review stage, Plaintiff is cautioned that using "John Doe" defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. Plaintiff must promptly take steps to discover the names of the unnamed defendants and provide that information to the Court in an amendment to his pleading. The burden remains on the Plaintiff and the Court will not undertake to investigate the names and identities of unnamed defendants.

Plaintiff must allege facts which clearly and briefly identify the injury he personally suffered, or continues to suffer, as a result of the specific actions of each named individual Defendant. Without this basic information, the complaint cannot proceed. The complaint need not be long. In fact, a brief and clear statement with regard to each claim listing how each individual Defendant violated his rights is preferable. The amended complaint should comply with Rule 8 and identify how any named Defendant is responsible. Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint.

## CONCLUSION

For the foregoing reasons and for good cause shown,

4

1.  The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above.  Plaintiff shall file an amended complaint within **_thirty (30) days from the date of this order_** in which he asserts factual allegations against all Defendants named therein.  The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page.  Failure to amend within the designated time will result in dismissal of the complaint.

2.  Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." _London v. Coopers & Lybrand_, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer defendants.  _See Ferdik v. Bonzelet_, 963 F.2d 1258, 1262 (9th Cir.), _cert. denied_, 506 U.S. 915 (1992).

3.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  <u>October 14, 2009</u>

_____
JEFFREY S. WHITE
United States District Judge

5

1

UNITED STATES DISTRICT COURT

2

FOR THE

3

NORTHERN DISTRICT OF CALIFORNIA

4

5

6

SCHRUBB,

Case Number: CV09-02197 JSW

7

Plaintiff,

**CERTIFICATE OF SERVICE**

v.

8

TILTON ET AL et al,

9

Defendant.

10

_____/

11

12

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
Court, Northern District of California.

13

14

That on October 14, 2009, I SERVED a true and correct copy(ies) of the attached, by placing
said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office.

15

16

17

Kevin R Schrubb V-55932
Kern Valley State Prison

18

PO Box 5104
Delano, CA 93216

19

Dated: October 14, 2009

*Jennifer Ottolini*

20

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

21

22

23

24

25

26

27

28