IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN R. SCHRUBB, I, | ) | No. C 09-2197 JSW (PR) |
| Plaintiff, | ) | |
| | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| JAMES TILTON, et al, | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, has filed a civil rights complaint complaining about violations of his rights while incarcerated at Pelican Bay State Prison. The complaint was dismissed with leave to amend, and Plaintiff filed a timely amended complaint. In this order, the Court reviews Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A. The claim of deliberate indifference to Plaintiff's safety is dismissed without prejudice, and the claim for the deprivation of property is dismissed with prejudice.

## DISCUSSION

I.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

II      Legal Claims

    A.      Deliberate Indifference to Safety

Plaintiff alleges that another inmate attacked and injured him in his cell. He further alleges that two unnamed Defendants, Does #1 and 2, did not fulfill their duty to investigate the other inmate's potential for being a threat to Plaintiff before assigning him to Plaintiff's cell. He claims that this amounted to deliberate indifference to his safety in violation of the Eighth Amendment.

Even if Plaintiff's allegations were sufficient to state a claim of deliberate indifference, the claim may not proceed because the Defendants have not been named. Plaintiff was cautioned in the order dismissing the complaint with leave to amend that "although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the initial review stage, Plaintiff is cautioned that using "John Doe" defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names." Plaintiff was directed to "promptly take steps to discover the names of the unnamed defendants and to provide that information to the Court" in the amended complaint. Plaintiff has not done so. Consequently, the claim will be dismissed without prejudice to him refiling the claim in a new complaint in which he names the two responsible defendants.

2

B. Property Claims

Plaintiff alleges that the named defendants and other unnamed defendants were involved in wrongfully taking his personal property and distributing it to other inmates while Plaintiff was receiving medical treatment. He claims that this violated his right to due process.

Neither the negligent nor intentional deprivation of property states a due process claim under Section 1983 if the deprivation was random and unauthorized. *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate procedural due process. *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986). California law provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Plaintiff's allegations involve a random and unauthorized deprivation of property, the sort of claim that is not cognizable under Section 1983, and so will be dismissed.

## CONCLUSION

For the foregoing reasons and for good cause shown, this action is DISMISSED without prejudice to Plaintiff filing his Eighth Amendment claims in a new complaint filed in a new case in which he names the responsible Defendants.

The Clerk shall close the file and enter judgment in favor of Defendants.

IT IS SO ORDERED.

DATED: February 9, 2011

JEFFREY S. WHITE
United States District Judge

3

|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE |
| | NORTHERN DISTRICT OF CALIFORNIA |

SCHRUBB,

        Plaintiff,

  v.

TILTON ET AL et al,

        Defendant.

Case Number: CV09-02197 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 9, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin R Schrubb V-55932
Facility &quot;B&quot;, 5-150
Post Office Box 1050
Soledad, CA 93960-1060

Dated: February 9, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk